Law Library

FILED
SUPERIOR COURT
OF GUAM

[ ] JUN 12 PM 3: 49

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

IN THE MATTER OF )
)
LAND REGISTRATION PROCEEDINGS )
FOR LOT NO. 361, INARAJAN, GUAM )
)
_____ )
)
IN THE MATTER OF THE ESTATE )
)
OF )
)
GREGORIO C. PEREZ )
)
        Deceased. )
)
_____ )
)
IN THE MATTER OF THE ESTATE OF )
)
OF )
)
GREGORIO F. PEREZ and )
ROSARIO E. PEREZ )
)
        Deceased. )
)

**LAND REGISTRATION PROCEEDING
NO. LR0011-78**

**PROBATE CASE NO. PR0187-51**

**PROBATE CASE NO. PR0002-76**

**DECISION AND ORDER**

### INTRODUCTION

This matter came before the Honorable Katherine A. Maraman on a motion to amend land registration decree, filed by the administrators of the Estate of Gregorio F. Perez and Rosario E. Perez on September 14, 2010. Oral arguments and evidence were heard on February 3 and 17, 2011. Attorney Thomas L. Roberts represented the Estate of Gregorio F. Perez and Rosario E. Perez, Attorneys Vincent T. Perez and Peter F. Perez appeared on behalf of the Estate of Gregorio C. Perez, and Assistant Attorney General William C. Bischoff represented the Government. Having considered the parties' briefs, oral arguments, testimony, and the applicable law, the Court now issues the following Decision and Order.

///

Page 1 of 7

## BACKGROUND

The heirs of the Estate of Gregorio C. Perez and the Estate of Gregorio F. Perez and Rosario E. Perez (hereinafter "the Perez Estates") intend to partition Lot No. 361, Inarajan, also known as "Matala", in Probate Case Nos. PR0187-51 and PR0002-76. The Matala property was first described in 1893 by the Office of the Registry of Lands as bounded by the sea to the east. (Amended Opposition, Exhibit "1", 2, Jan. 11, 2011.) When the property was sold to Gregorio C. Perez and his son Gregorio F. Perez in 1917, it was again described as, "bounded...on the East by the sea." (Declaration of Earl J. Garrido, Exhibit "1", Jan. 19, 2011.)

On May 5, 1978, the Estate of Gregorio F. Perez petitioned the Court to register the Matala property with the boundary description, "East: Pacific Ocean." (Petition for Registration of Title, 3, May 5, 1978.) The eastern boundary was not challenged by any adjoining landowner or interested party, including the Government, who participated in the proceedings to assert a prescriptive easement in the Route 4 roadway. (Objection, June 26, 1978; Stipulation and Withdrawal of Objection, Nov. 5, 1981.)

On September 18, 1987, the Court entered a decree to register land title for the Perez Estates with the following description,

> Lot No. 361, Matala, Municipality of Inarajan, Guam, Containing an area of 2,255,864 more or less square meters, as shown on Drawing No. 867-2B, prepared by Thomas T. Anderson, R.L.S. No. 42, dated 1/19/77 and approved by the Territorial Surveyor on the 6th day of May, 1977, and recorded at the Department of Land Management under Document No. 288415-A, a copy of said map is attached hereto and made a part hereof.

(Decree Establishing Title, 2, Sept. 18, 1987.) Thereafter, the Perez Estates sold some Matala land on the western boundary to third parties and commissioned a retracement survey in 2010 in order to partition the remaining land. (Declaration of Nestorio C. Ignacio, Sept. 14, 2010.)

The preliminary retracement survey, completed on July 30, 2010, demonstrated that the January 19, 1977 survey established an imprecise eastern boundary that excluded significant coastal land areas and erroneously included land located under the sea. *Id.* The retracement survey also measured the correct sea boundary and revealed that the 1977 survey excluded

109,811 square meters of coastal land and erroneously included 2,863 square meters of underwater land. *Id.* at Exhibit "3".

On the basis of the retracement survey, the Perez Estates filed the present motion to amend land registration decree on September 14, 2010. The Government filed objections that an amendment is time barred and that it should be denied because the 1977 survey and 1987 registration judgment previously granted too much government land to the Perez Estates.

On February 3 and 17, 2011, the Court held evidentiary hearings where surveyor Thomas T. Anderson testified that the inaccuracy of his 1977 survey was a mistake because the survey was intended to bound Matala on the east by the sea. (Record Log at 3:37, Feb 17, 2011.) The Government did not contest the accuracy of the July 30, 2010 retracement survey.

## DISCUSSION

### I. Government Objection

As a preliminary matter, the Court shall address the Government's argument that amendment should be denied because the 1987 registration judgment gave too much government land to the Perez Estates. Pursuant to *Government of Guam v. Cruz*, 869 F.2d 1326 (9th Cir. 1989), the parties cannot relitigate a boundary dispute during further registration proceedings under 21 GCA § 29195. In *Cruz*, the Ninth Circuit found that the Government of Guam, "was given notice [of the first registration]…filed an appearance, and had a full opportunity to review the maps and object if necessary." *Cruz*, 869 F.2d at 1327-1328. On this basis, the principles of *res judicata* and controlling California decisional law prohibited a challenge to the registered boundaries after the allotted time for appeal or new trial, even if the first registration decision was wrong. *Id.*

In this case, the Government appeared and filed an objection to the first registration on the basis of the Route 4 roadway. (Objection, June 26, 1978; Stipulation and Withdrawal of Objection, Nov. 5, 1981.) After notice and a full opportunity to review the survey map, no interested party objected to the eastern sea boundary, including the Government. The allotted time for an appeal or new trial has lapsed since 1987. Pursuant to *Cruz* and principles of *res judicata*, the eastern sea boundary that was established in the first registration decree cannot be

relitigated. For this reason, the Government's argument that it should not lose its alleged interest in the eastern sea boundary of Matala to the Perez Estates is without merit and shall not defeat amendment.

**II. Motion to Amend Original Registration Decree**

Guam law provides that a landowner may petition the court, "at any time...upon any...reasonable ground...[to] show cause why [an] omission or mistake or change or alteration should not be corrected or made," to a certificate of title to registered land. 21 GCA § 29195. In these circumstances, a court may, "grant any...relief upon such terms...as it may consider proper." *Id.* However, "the provisions of [Section 29195] shall not give the court the authority to open the original decree of registration." *Id.*

In this case, the Perez Estates move the Court to amend an original decree of land registration because it was based upon an incorrect survey. The Perez Estates rely upon 21 GCA § 29195 to amend the decree, but the Court does not have the authority to open the original decree of registration pursuant to the express language of the statute. For this reason, it appears that the Court cannot grant relief via Section 29195, and further inquiry is appropriate.

The Land Title Registration Law, codified at 21 GCA Chapter 29, was originally adopted from California's system of land title registration in 1933. *In re Application of Leon*, 2001 Guam 22 ¶ 12 n. 6. For this reason, California case law before 1933 is controlling in the interpretation of Title 21 GCA Chapter 29 and case law after 1933 is persuasive. *Cruz*, 869 F.2d at 1327 (*citing Roberto v. Aguon*, 519 F.2d 754, 755 (9th Cir. 1975)).

In 1933, California registered land according to the Torrens Land Act (hereinafter "the Torrens Act"), which is a, "system of judicial registration of titles intended to simplify, quicken and cheapen the transfer of real estate and to render titles safe and indefeasible." *Pelowski v. Taitano*, 2000 Guam 34 ¶ 30 (*quoting Pioneer Abstract & Title Guaranty Co. v. Feraud*, 91 Cal.App. 278, 285, 267 P. 134, 137 (Cal. Dist. Ct. App. 1928) (citations omitted)). A Torrens registration is effective to quiet title and to protect initial registrants and subsequent bona fide purchasers from attacks upon the title. *Id.* at ¶¶ 30-34. In this manner, the basic, "purpose of the Torrens system of land registration is to determine any and all adverse claims against the

unregistered land." *Application of Aguon*, Civil Nos. 92-00011A, 92-00027A, 1993 WL 128362, at *2 (D. Guam App. Div. 1993) (*citing Title Guarantee & Trust Co. v. Griset*, 208 P. 673 (Cal. 1922)).

In this case, the Perez Estates seek to amend their own title in order to correct a mistake in the initial registration. The first registration was supposed to bound Matala as, "East: Pacific Ocean", and the first surveyor testified that his 1977 survey was inaccurate in measuring what should have been an eastern sea border. The proposed amendment is based upon a more accurate retracement survey of the sea boundary. The ocean boundary does not threaten the title of adjacent landowners, registrants or other bona fide purchasers. The Perez Estates do not seek to register previously unregistered land, and there are no adverse claims to Matala's sea border. Furthermore, the Government cannot assert an interest in the sea border after it failed to do so during its participation in the original registration proceedings. *See* discussion *supra*. For these reasons, the proposed amendment does not violate the basic purpose of the registration law and it may be granted. However, the Court must address its authority to grant such an amendment.

**III. Mistakes in Title Registration**

Under California's Torrens Act, a land registration judgment is final and cannot be set aside for a mistake except within one (1) year of registration. *Cooper v. Buxton*, 186 Cal. 330, 331-333, 199 P. 6 (1921). The former Torrens Act also provided for an "assurance fund" to compensate, "persons who have been unjustly deprived of their property by the decree." *Id.* at 333. The assurance fund was created because,

> The [Torrens] act itself seems to recognize that in spite of all its provisions for the protection of a registered owner in the security of his title he may, through the operation of the act or through fraud or other fault on the part of others, be deprived of all or a part of his interest in the land, and this without fault upon his part.

*Gill v. Johnson*, 21 Cal.App.2d 649, 654, 69 P.2d 1016 (Cal. Dist. Ct. App. 1937). In 1933, Guam adopted the one (1) year statute of limitation to correct a mistake in land registration but it did not adopt the assurance fund provision. *See* 21 GCA §§ 29146, 29197.

In this case, the original land surveyor testified that his 1977 survey was mistaken, but the registration judgment cannot be set aside for a mistake more than twenty (20) years later. *See* 21 GCA § 29146; *Cooper*, 186 Cal. at 333. By this operation of Guam law, the Perez Estates may lose an interest in Matala's coastal lands without compensation due to the fault of the mistaken land surveyor. This is an especially inequitable result where no party asserted an adverse interest to the sea boundary or the "East: Pacific Ocean" description in the first registration proceeding. A new petition to register the excluded land is inconsistent with the first petition to register Matala as bounded "East: Pacific Ocean". Most importantly, a new petition which must characterize the missing coastal land as previously unregistered may unjustly expose Matala to the Government's newfound claims to the sea boundary. For these reasons, the Court is averse to the application of 21 GCA § 29146 and *Cooper*, 186 Cal. at 333 in the circumstances of this case.

**IV. Other Torrens Jurisdictions**

Other state jurisdictions employ the Torrens registration system with generally comparable statutes and principles. The Court may look to these jurisdictions for additional guidance. *See e.g. People v. Tennessen*, 2010 Guam 12 ¶ 11; *People v. Songeni*, 2010 Guam 20 ¶¶ 20-21.

When Minnesota courts faced, "an increasingly wide range of problems," with Torrens land registration decrees, they allowed subsequent registration proceedings to address issues that would otherwise be barred by the finality of the decree. *In re Metro Siding, Inc.*, 624 N.W.2d 303, 307-308 (Minn. App. 2001). The Minnesota Legislature recognized this judicial trend and amended the Torrens law to specifically allow alterations and adjudications, including amendment, to certificates of title after proper notice is given. *Id.* Pursuant to Minn. Stat. § 508.71 (2002), a land registration judgment may be amended without offense to the original decree after interested parties are notified that ownership will be at issue in subsequent proceedings. *Id.* at 308-310.

The practice of amendment after proper notice may be an appropriate solution in this case where the original decree may not be opened. *Compare* Minn. Stat. § 508.71 *with* 21 GCA §

29195. Proper notice to interested parties and the opportunity to raise adverse claims shall give the Court the assurance that title to the amended boundary is quieted and indefeasibly vested in the true owner. Amendment may then be granted because the basic Torrens principles of due process and the protection of registrants and bona fide purchasers are satisfied. An amendment may be the only way to protect the first registrant in this case where the Registration Law does not provide compensation for loss due to error in the survey of an undisputed boundary.

Most importantly, an amendment does not appear to harm any title interest in this case because the interested parties did not object to the Matala sea boundary in the first registration proceeding, and they likely cannot do so today. *See Cruz*, 869 F.2d at 1327-1328. However, the Court shall require proper notice to all interested parties as a condition of amendment in order to uphold the aforementioned principles of the Land Title Registration Law.

///

///

///

## CONCLUSION

Based upon the foregoing, the Court shall grant amendment with the retracement survey on the condition of proper notice. The movants are hereby ORDERED to give notice of the amended registration pursuant to 21 GCA § 29112. An amended decree of registration may be entered in the absence of a meritorious objection. *See Cruz*, 869 F.2d 1326.

**SO ORDERED** this 12th day of May, 2012.

_____
**HONORABLE KATHERINE A. MARAMAN**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the Original on file in the Office of the Clerk of Court Superior

JUN 12 2012

DATED: _____

JERIMIE K.J. GUENAS
DEPUTY CLERK, Superior Court of Guam